UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER E. SMITH                                                                               CIVIL ACTION NO. 21-2651-P

VERSUS                                                                                                                     JUDGE S. MAURICE HICKS, JR.

DUSTI WILLIAMS, ET AL.                                                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a "Request for Relief from Judgment" (Record Document 13) filed by *pro se* Plaintiff Christopher E. Smith ("Smith"). Smith filed the motion pursuant to Federal Rule of Civil Procedure 60[1] and asks the Court to reverse its ruling in a Judgment (Record Document 12) entered on April 19, 2023. The Judgment dismissed with prejudice Smith's civil rights complaint as frivolous under 28 U.S.C. § 1915(e). The

---

[1] Rule 60(b) provides that "[on] motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6) any other reason that justifies relief.

The instant motion has been filed pursuant to Rule 60(b)(1). See Record Document 13 at 1-2.

Judgment adopted the Report and Recommendation of the Magistrate Judge, which provided:

> Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).
>
> For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

Record Document 11 at 7-8.

Smith first argues that the Report and Recommendation erroneously identified him as proceeding *in forma pauperis* when in fact he had paid the full filing fee. See Record Document 13-1 at 1. He also argues he "should be allowed to amend his complaint and clarify more specifically the issues to be urged in this suit" before dismissal. Id. at 1-2. He seeks a stay to amend his complaint or "to withdraw [his] suit 'without prejudice' with the option to re-file [his] suit." Id. at 2.

The Court will first address Smith's argument that he should be allowed the chance to amend his complaint. On September 9, 2021, Magistrate Judge Hornsby entered a Memorandum Order allowing Smith thirty days to amend his complaint by answering a list of questions. See Record Document 4. Smith responded on September 27, 2021. See Record Document 5. Such responses were considered when the Magistrate Judge

2

drafted the Report and Recommendation. Thus, the Rule 60 motion seeking to vacate the Judgment to allow Smith to amend his complaint is **DENIED**.

The Court now turns to Smith's contention that the Court erroneously classified him as proceeding IFP and erroneously dismissed his case as frivolous based in part on his IFP status. The Rule 60 motion is **GRANTED** only to the extent that the Court did erroneously classify Smith as proceeding IFP. However, as will be set forth below, this error does not alter the Court's analysis or the ultimate result of the Judgment.

In Thompson v. Hayes, 542 F. App'x 420 (5th Cir. 2013), the plaintiff – Thompson – appealed and argued the district court erred by dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because he paid the filing fee. See id. The Fifth Circuit ultimately found Thompson's case and appeal frivolous under Section 1915A because it was without legal merit. See id. at 421, 422. The Fifth Circuit reasoned:

> Thompson is correct that dismissal under § 1915(e)(2)(B)(i) was inappropriate. That section applies only to litigants proceeding IFP. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir.1998). However, under 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee. Ruiz v. United States, 160 F.3d 273, 274–75 (5th Cir.1998). **Both § 1915(e)(2)(B)(i) and § 1915A(b)(1) direct district courts to dismiss a complaint that is frivolous.** A frivolous claim has no "arguable basis in law or fact." Berry v. Brady, 192 F.3d 504, 507 (5th Cir.1999) (internal quotation marks and citation omitted).

Id. at 420-21 (emphasis added); see also Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) ("Unlike § 1915, § 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis ("IFP"), and also does not distinguish between dismissals as frivolous and dismissals for failure to state a claim."). The Fifth Circuit

3

likewise upheld the district court's assessment of a strike against Thompson. See Thompson, 542 F. App'x at 422. The dismissal of the case as frivolous counted as a strike under Section 1915(g) because "[t]he statute does not distinguish between IFP actions or appeals and paid actions or appeals." Id.

Based on the foregoing, the Court will enter an Amended Judgment in this matter noting that Smith is not proceeding IFP and further stating that the dismissal with prejudice in this matter is pursuant to Section 1915A, not Section 1915(e). In all other respects, the analysis set forth in the Report and Recommendation and the Judgment remains unchanged.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 11th day of May, 2023.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

4